UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEVON MCGINLEY,

Plaintiff,

v.

MAGONE MARINE SERVICE, INC.,

Defendant.

CASE NO. C13-1678JLR

ORDER GRANTING MOTION TO DISMISS

## I. INTRODUCTION

Before the court is Defendant Magone Marine Service, Inc.'s ("Magone") unopposed Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue. (Mot. (Dkt. # 11).) Magone asks the court to dismiss this action in its entirety for lack of personal jurisdiction, arguing that this case has nothing to do with Washington State. (*See id.*) Indeed, Magone is an Alaska company and all of the events giving rise to this case happened in Alaska. (Magone Decl. (Dkt. # 13) ¶¶ 3-8.) The only connection this case has with Washington is that Plaintiff Devon McGinley is currently incarcerated in

Washington. (Krisher Decl. (Dkt. # 12) ¶ 10.) As Magone correctly points out, this is not sufficient to give the court personal jurisdiction over Magone. Mr. McGinley does not challenge the merits of Magone's motion to dismiss. (Resp. (Dkt. # 17) at 1.) As a result, the only issue in dispute is whether an award of attorney's fees is appropriate. For the reasons explained below, the court awards attorney's fees to Magone in the amount of $2,820.00.

## II. BACKGROUND

This is a personal injury case arising under maritime and admiralty laws. (*See* Compl. (Dkt. # 1).) Mr. McGinley worked as a crewman for Magone aboard a 260-foot ex-Navy troop transport barge called the YAHVEH JIREH. (Compl. ¶¶ 3-4.) Mr. McGinley alleges that he was "ordered to engage in heavy lifting activity, more specifically, a heavy log, which he was trying to handle when he slipped and suffered injury because of [Magone's] failure to provide a safe place to work and seaworthy vessel." (*Id.* ¶ 5.) Mr. McGinley asserts claims for negligence under the Jones Act, 46 U.S.C. § 30104, and for maintenance and cure under maritime law. (*Id.* ¶ 2.)

The events involved in this case took place in Alaska. Mr. McGinley is an Alaska resident (*id.* ¶ 10), and Magone is an Alaska corporation with its principal place of business in Dutch Harbor, Alaska. (Magone Decl. ¶¶ 3, 7.) Magone has no business presence in Washington. (*Id.* ¶ 8.) Magone's principal shareholders, Susan and Dan Magone, reside in Alaska. (*Id.* ¶ 3-4.) The vessel YAHVEH JIREH, aboard which Plaintiff alleges he was injured (Compl. ¶ 3-4), is permanently secured to shore in Dutch Harbor, Alaska and has been since 1990. (Magone Decl. ¶ 5.) In fact, the YAHVEH

JIREH is classified under the State of Alaska fire code as a three-story building. (*Id.*) Mr. McGinley was hired by Magone in Alaska and worked for Magone only in Alaska. (*Id.* ¶ 6.) Indeed, the only connection this case seems to have with Washington is that Mr. McGinley is currently incarcerated in Washington. (*See* Compl.; Krisher Decl. ¶ 10.)

Mr. McGinley filed this complaint in the Western District of Washington, and Magone moved to dismiss shortly thereafter. (*See* Compl.; Mot.) Magone brings its motion under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), arguing that the court should dismiss the case for lack of personal jurisdiction or improper venue. (*See* Mot. at 1.) Magone also requests an award of attorney's fees expended in preparing its motion to dismiss. (*See id.*) Mr. McGinley responded to the motion by stating that "Plaintiff will not challenge Defendant's arguments relating to jurisdiction and venue." (Resp. at 1.) Instead, Mr. McGinley challenges only whether Magone is entitled to attorney's fees for preparation of its motion to dismiss. (*See id.*)

## III. ANALYSIS

### A. Standard on a Rule 12(b)(2) Motion to Dismiss

A Rule 12(b)(2) motion asserts that the court lacks personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). In opposing a defendant's 12(b)(2) motion, the plaintiff bears the burden of establishing that jurisdiction is proper. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citing *Boschetto v. Hansin*, 539 F.3d 1011, 1015 (9th Cir. 2008)). Where, as here, the defendant's motion is based on written materials, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. *Id.* (citing *Brayton Purcell LLP v. Recordon &*

*Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010)). The plaintiff cannot simply "rest on the bare allegations of its complaint," but uncontroverted allegations in the complaint must be taken as true. *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)).

Where, as here, no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the district court sits. *Id.* (citing Fed. R. Civ. P. 4(k)(1)(A)). Washington's long-arm statute, RCW 4.28.185, permits the exercise of jurisdiction to the full extent of the Due Process Clause of the United States Constitution. *See Easter v. Am. W. Fin.*, 381 F.3d 948, 960 (9th Cir. 2004). For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, the defendant must have "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted).

A court can exercise its power over a nonresident defendant (absent the defendant's consent) only if it has either general or specific jurisdiction. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). Where a defendant has "substantial" or "continuous and systematic" contacts with the forum state, it is subject to general jurisdiction, and can be haled into court on any action, even one unrelated to its contacts. *Id.* If a defendant is not subject to general jurisdiction, it may be subject to specific jurisdiction if the action upon which it is sued arises from its

contacts within the forum state. *Id.* In either case, the critical factor in determining personal jurisdiction is the extent of the defendant's contacts with the forum state. *See id.*

**B. The Court Lacks Personal Jurisdiction Over Magone**

Defendant Magone has no contacts with Washington. (*See* Magone Decl.) Mr. McGinley does not challenge this on a factual level, nor does he argue that there is any basis at all for the court to assert personal jurisdiction over Magone. (*See* Resp.) Instead, Mr. McGinley concedes that he "will not challenge Defendant's arguments relating to jurisdiction and venue." (Resp. at 1.) Mr. McGinley has not met his burden of opposing the motion or of establishing either general or specific jurisdiction. *See Mavrix*, 647 F.3d at 1223. Nor could he: there is no basis for general jurisdiction because Magone has no contacts with Washington (*see* Magone Decl.), and there is no basis for specific jurisdiction because the events allegedly giving rise to Mr. McGinley's claim occurred in Alaska, not Washington (*id.* ¶¶ 3-6). *See Bancroft & Masters*, 223 F.3d at 1086. Accordingly, the court GRANTS Magone's unopposed motion to dismiss and DISMISSES this case without prejudice.

**C. Attorney's Fees**

An award of attorney's fees is permitted under Washington law in this case. RCW 4.28.185 governs awards of attorney's fees under Washington's long-arm statute. Under that statute, the court may award attorney's fees "in the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the

action . . . ." RCW 4.28.185(5). Here, Magone was served outside of Washington[1] and the causes of action alleged in the Complaint are among those "enumerated in this section." *See* RCW 4.28.185 (including among enumerated causes of action those based on allegations of "[t]he transaction of any business within this state" and "the commission of a tortious act within this state"); (*See* Compl.). Thus, under the clear terms of the statute, the court has discretion to award attorney's fees to Magone.[2] *See, e.g.*, *Scott Fetzer Co., Kirby Co. Div. v. Weeks*, 786 P.2d 265, 266 (Wash. 1990) (holding that an award of attorney's fees is appropriate under RCW 4.28.185 when an out of state defendant prevails on a motion to dismiss for lack of subject matter jurisdiction).

In deciding whether to award fees, the court "'must balance [ ] the dual purposes of recompensing an out-of-state defendant for its reasonable efforts while also encouraging the full exercise of state jurisdiction.'" *Atlas*, 2009 WL 4430701, at *2 (quoting *Scott Fetzer Co. v. Weeks*, 859 P.2d 1210, 1215 (Wash. 1993)) (alterations in

---

[1] Technically, Magone was not "personally served outside the state." *See* RCW 4.28.185(5). Instead, Magone waived service. (*See* Waiver of Service (Dkt. # 10).) However, this distinction makes no difference for purposes of awarding attorney's fees, as the court held in *Atlas Equip. Co., LLC v. Weir Slurry Grp., Inc.*, No. C07-1358Z, 2009 WL 4430701, at *2 (W.D. Wash. Nov. 30, 2009). As the court pointed out in that case, "[o]ne of the aims of the waiver of service rule is 'to eliminate [for many parties] the costs of service of a summons,'" and declining to award attorney's fees "would discourage future non-resident defendants from waiving personal service and undermine the purposes of Rule 4(d)." *Id.* (quoting Fed. R. Civ. P. 4(d) cmt. (1993)) (alterations in original).

[2] The court rejects Mr. McGinley's cursory argument that fees may only be awarded under RCW 4.28.185 in diversity cases. (*See* Resp. at 2.) This argument is unsupported by case law and has been rejected by numerous courts, including the Ninth Circuit. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 272 (9th Cir. 1995); *Elec. Mirror, LLC v. Janmar Lighting, Inc.*, 760 F. Supp. 2d 1033, 1036 (W.D. Wash 2010); *High Maint. Bitch, LLC v. Uptown Dog Club, Inc.*, No. C07-888Z, 2007 WL 3046265, at *5 (W.D. Wash. Oct. 17, 2007).

original).  In the past, this court has taken into account such considerations as (1) whether the lawsuit was frivolous or brought to harass; and (2) whether the fees requested would have been expended regardless of where the litigation was filed.  *O.B. Williams Co. v. S.A. Bendheim West, Inc.*, No. C08-1155JLR, 2010 WL 3430404, at *3 (W.D. Wash. Aug. 30, 2010) (Robart, J.).

Here, the balance of interests favors an award of fees.  The court cannot conclude that the lawsuit itself is frivolous, but the assertion of personal jurisdiction in Washington is.  Indeed, Mr. McGinley does not even raise a colorable argument for why the court has personal jurisdiction over Magone.  (*See* Resp.)  In these circumstances, there is a strong interest in recompensing Magone, who was summoned into court despite having no meaningful contacts with Washington and no reason to believe it would be forced to defend itself in Washington.  In addition, Magone was required to expend resources on a motion it would not have been required to file had the case been properly brought in Alaska.  In contrast, the interest in encouraging the full exercise of state jurisdiction is scarcely at play here.  The State has very little interest in encouraging plaintiffs to file lawsuits where there is no plausible basis for the exercise of jurisdiction because the defendant clearly has no contacts with the state.  Accordingly, the court concludes that an award of attorney's fees is appropriate here given the balance of relevant interests.  *See Atlas*, 2009 WL 4430701, at *2.

It remains only to determine the amount of fees.  In that regard, the Washington State Supreme Court has held that a prevailing defendant is entitled only to "the 'amount necessary to compensate him for the added litigative burdens resulting from the

plaintiff's use of the long-arm statute.'" *Id.* (quoting *Fetzer*, 786 P.2d at 271). This creates an upper bound on the amount of fees that a court can award. (*See id.*) Specifically, "where the defendant prevails by obtaining a ruling that jurisdiction under the long-arm statute does not properly lie, his award should not exceed the amount in attorney fees he would have incurred had he presented his jurisdictional defense as soon as the grounds for the defense became available to him." *Fetzer*, 786 P.2d at 271-72. Under this framework, in a case like this one the court should award no more than the cost of preparing a successful motion to dismiss for lack of personal jurisdiction. *See id.* at 272-73.

In calculating this amount, the court applies the lodestar method. *Fetzer*, 786 P.2d at 273. Under the lodestar method, the court first determines a lodestar figure by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *McGrath v. Co. of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995). The court "may then adjust this lodestar calculation by other factors." *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). The reasonable hourly rate corresponds to the prevailing market rate in the relevant community, considering the experience, skill, and reputation of the attorney in question. *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986) *amended on other grounds*, 808 F.2d 1373 (1987). The court may also consider the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6)

whether the fee is fixed or contingent,[3] (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases. *LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp*., 791 F.2d 1334, 1341-42 (9th Cir. 1986) (citing *Kerr v. Screen Extra Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975). The court need not apply every factor in every case, but rather only those factors that are relevant to the particular case. *See Kerr*, 526 F.2d at 70; *Moore v. James H. Matthews & Co.*, 682 F.2d 830, 838 (9th Cir. 1982).

Magone requests $3,523.00 in attorney's fees. (Reply at 18.) Magone's attorneys submitted an affidavit indicating that they incurred $1,555.00 in fees drafting the original motion to dismiss: seven hours preparing the motion and associated declarations at $190.00 per hour, and one hour of review and editing at $225.00 per hour. (Krisher Decl. ¶¶ 4-6.) They also submitted a supplemental affidavit indicating that they incurred $1,968.00 preparing Magone's reply: 8.7 hours at $190 per hour, one hour at $225 per hour, and one hour of paralegal time at $90 per hour. (Krisher Supp. Decl. (Dkt. # 19) ¶¶ 9-11.)

The court awards only part of this request. The court has considered the factors outlined above and concludes that the hourly rates submitted by counsel are reasonable in light of factors (2), (3), (5), and (9). The court also concludes that the hours spent

---

[3] *But see Davis. v. City and Cnty. of San Francisco*, 976 F.2d 1536, 1548-49 (9th Cir. 1992) (contingent nature of fee not a always an appropriate consideration).

preparing the motion to dismiss are reasonable in light of factors (1)-(3) and (7)-(8). However, in light of factors (1)-(3), the court will not award fees for all of the hours spent preparing the reply. Magone's counsel incurred more fees preparing the reply than the motion itself. This is in spite of the fact that the motion was unopposed on the merits and Plaintiff's response brief only contained one full page of argument. (*See* Resp.) Magone could have submitted a substantially shorter reply brief and still prevailed on this motion in light of the strength of its position and the weakness of Plaintiff's response. Accordingly, the court will reduce the reasonable number of hours spent preparing the reply at the $190 per hour rate from 8.7 hours, as requested by Magone, to five hours. This results in a reduction of $703.00 from the requested amount and a total attorney's fee award of $2,820.00.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Magone's motion to dismiss (Dkt. # 11) and awards attorney's fees to Magone in the amount of $2,820.00.

Dated this 2nd day of December, 2013.

JAMES L. ROBART
United States District Judge